**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

EDGARDO AYALA ESQUILIN, SIXTO
JURADO HERNANDEZ, JOSE MARTINEZ
FIGUEROA, FRANCISCO MULERO BAEZ,
and REYNALDO DIAZ PIZARRO,

    **Plaintiffs,**

       **v.**

HOSPITAL METROPOLITANO,
METROHEALTH INC., and
ASEGURADORA A, B, C,

    **Defendants.**

**CIVIL NO.** 14-1088 (FAB)

**MEMORANDUM AND ORDER**

Besosa, District Judge.

    In December 2013, plaintiffs filed a civil action against defendant Hospital Metropolitano, Metrohealth Inc. ("Hospital") in the Commonwealth of Puerto Rico Court of First Instance, alleging that they were terminated without just cause, in violation of Law 80 of the Commonwealth of Puerto Rico, P.R. Laws Ann. tit. 29, §§ 185a *et seq.* ("Law 80"), and because of age discrimination, in violation of Law 100 of the Commonwealth of Puerto Rico, P.R. Laws Ann. tit. 29, §§ 146 *et seq.* ("Law 100").  (See Docket No. 4-1.) On January 29, 2014, the Hospital removed this case to this Court. (Docket No. 1.)  As a basis for federal jurisdiction, the Hospital argues that the matter is preempted pursuant to San Diego Bldg. Trades v. Garmon, 359 U.S. 236 (1959) because the National Labor Relations Act ("NLRA") exclusively governs plaintiffs' claims.  Id.

Plaintiffs filed a motion to remand on February 28, 2014, arguing that the Court lacks subject matter jurisdiction because the NLRA does <u>not</u> preempt their Law 80 or Law 100 claims. (Docket No. 6.) The Hospital responded on March 18, 2014, maintaining that <u>Garmon</u> preemption applies and introducing a new subject matter jurisdiction argument that plaintiffs' claims are completely preempted under Section 301 of the Labor Management Relations Act ("LMRA"). (Docket No. 10.)

## I.   <u>Garmon</u> Preemption

Courts have long held that defendants are not permitted to remove state claims to federal court on the basis of arguing preemption pursuant to <u>Garmon</u>. <u>See, e.g.</u>, <u>Ethridge v. Harbor House Rest.</u>, 861 F.2d 1389 (9th Cir. 1988); <u>TKO Fleet Enters. v. District 15 Int'l. Ass'n. of Machinists & Aerospace Workers</u>, 72 F. Supp. 2d 83 (E.D.N.Y. Apr. 13, 1999) (collecting cases). This is because a state court action may be removed only if the action could have originally been filed in federal court, <u>see</u> 28 U.S.C. § 1441(a). "[I]f a claim is pre[-]empted under [the] <u>Garmon</u> analysis, it is the NLRB, not the courts, which has jurisdiction." <u>Ethridge</u>, 861 F.2d at 1401 (citations omitted). Thus, it is "clear that the <u>Garmon</u> analysis is not one to be undertaken by the lower federal courts." <u>Ethridge</u>, 861 F.2d at 1399. "A claim of <u>Garmon</u> preemption is a claim that the state court has no power to adjudicate the subject matter of the case, and when a claim of

<u>Garmon</u> preemption is raised, it *must be considered and resolved by the state court.*"  <u>Int'l. Longshoremen's Ass'n. v. Davis</u>, 476 U.S. 380, 393 (1986) (emphasis added).  Accordingly, the Court rejects defendant's first argument that the Court enjoys subject matter jurisdiction pursuant to <u>Garmon</u> preemption.

**II.  Complete Preemption**

The Hospital also seeks to base removal jurisdiction on the complete preemption doctrine pursuant to section 301 of the LMRA. Because several sections of the collective bargaining agreement ("CBA") between the parties "contemplate[] the issues of age discrimination, subcontracting and discharge of employees," the Hospital claims that plaintiffs' Commonwealth action is preempted by federal law.  (Docket No. 10 at pp. 7-10.)  The Court disagrees.[1]  Section 301 permits federal courts to hear suits "for violation of contracts between an employer and a labor organization."  29 U.S.C. § 185(a).  It does not preempt state discrimination and wrongful termination claims, however, merely

---

[1] A sister district court in the First Circuit convincingly explained the policy behind rejecting defendant's proposition:

> Such a rule would provide union employers with an irresistible incentive to pour into the collective bargaining agreement all the safety, insurance, and individual rights protected by state law, and then claim immunity from suit before juries in favor of an arbitration process in which it exercises joint power with the union.

<u>La Rosa v. UPS</u>, 23 F. Supp. 2d 136, 144 (D. Mass. 1998).

because a CBA contains "just cause" language or an anti-discrimination clause.  See Lingle v. Norge Div. of Magic Chef, 486 U.S. 399, 412–13 (1988).  To the contrary, "[o]nly Section 301 claims that require the interpretation of a collective bargaining agreement merit complete preemption," 14B Wright & Miller, Federal Practice & Procedure § 3722.2 (4th ed. 2009).  The Supreme Court has made clear that merely because a CBA contains broad contractual provisions pertaining to "conduct that co-incidentally violates state law does not make the existence or the contours of the state-law violation dependent upon the terms of the private contract." Lingle, 486 U.S. at 413.  State tribunals can typically resolve a discriminatory discharge claim "without interpreting the 'just cause' language of a collective-bargaining agreement."  Id.

Here, plaintiffs' claims of employment discrimination and wrongful discharge arise from independent Commonwealth-created rights pursuant to Law 80 and Law 100.  That plaintiffs' claims may be "predicated on the same layoffs [over] which the NLRB assumed jurisdiction prior to the filing of the state law claims" is not pertinent, because "[t]he focus of the preemption inquiry is not on whether the same set of facts may be addressed[,] but on the nature of the legal claim and whether resolution of the dispute requires interpretation of the collective bargaining agreement." La Rosa, 23 F. Supp. 2d at 144 (citing Lingle, 486 U.S. at 408–10).  The Court can glean no reason why the resolution of plaintiffs' Law 80

Civil No. 14-1088 (FAB)                                                          5

and Law 100 claims requires interpretation of the CBA between the
parties in this case.  Thus, plaintiffs' claims are "'independent'
of the agreement for Section 301 preemption purposes" and are not
completely preempted.  Id. at 410.

Accordingly, the Court **GRANTS** plaintiffs' motion to remand,
(Docket No. 6).  This case is remanded to the Commonwealth Court of
First Instance, San Juan Superior Division.

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, April 1, 2014.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        UNITED STATES DISTRICT JUDGE